**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                    **CASE NO: 6:13-cr-26-Orl-36TBS**

**JOHN FRANCIS WILLIAMS**

---

**ORDER**

This cause comes before the Court on two motions filed by Defendant John Francis Williams ("Williams") seeking to dismiss an indictment (Doc. 1) against him:  (1) Williams's Motion to Dismiss the Indictment ("First Motion to Dismiss") (Doc. 39); and (2) Williams's Second Motion to Dismiss the Indictment ("Second Motion to Dismiss") (Doc. 53).[1]  The Government filed separate responses in opposition to the Motions to Dismiss (Docs. 45, 58), and Williams filed a reply in further support of his First Motion to Dismiss (Doc. 49).  Also before the Court is Williams's Objection (Doc. 63) to the Magistrate Judge's Order denying Williams's Motion for Bill of Particulars (Doc. 62).  For the reasons that follow, the Court will deny the Motions to Dismiss and overrule the Objection.

**I.      BACKGROUND**

On February 6, 2013, a grand jury returned an indictment charging Williams with one count of violating 18 U.S.C. § 2422(b) by using "a facility and means of interstate commerce, namely, the Internet, to knowingly attempt to persuade, induce, and entice an individual who had not attained the age of 18 years to engage in a sexual activity for which any person could be charged with a criminal offense under Florida law, namely, Lewd or Lascivious Battery, a violation of

---

[1] The First Motion to Dismiss and the Second Motion to Dismiss are collectively referred to as the "Motions to Dismiss."

Florida Statute 800.04." Doc. 1. On February 7, 2013, Williams was arrested pursuant to a warrant issued on the indictment. *See* Doc. 13. On February 25, 2013, Williams was arraigned before Magistrate Judge Karla R. Spaulding, where he entered a plea of not guilty and was ordered to be detained pending trial. *See* Docs. 14, 16.

After his arraignment, Williams obtained discovery from the Government as to the grounds for the charge. Williams claims that the information obtained in discovery shows that on October 11, 2012, he responded to a posting on Craigslist.com in which an individual he believed to be a mother was seeking an older male sexual partner for her purported 14-year-old daughter.[2] *See* Doc. 39. Williams avers that during a two-day period, he engaged in an email conversation with the "mother" and that, after the "mother" encouraged a sexual encounter between Williams and the daughter, he agreed to meet the "mother" at her residence. *See id*. Upon his arrival at the residence, he was arrested by law enforcement officers who had been posing as the "mother." *See id*.

Based on the information obtained in discovery, Williams filed two motions to dismiss the indictment under Federal Rule of Criminal Procedure 12(b)(3)(B).[3] On July 12, 2013, Williams filed his First Motion to Dismiss, arguing that: (1) his conduct did not violate 18 U.S.C. § 2422(b); and (2) he was unlawfully entrapped as a matter of law.[4] *See* Doc. 39. On July 31, 2013, Williams

---

[2] The Court notes that the information purportedly obtained by Williams during discovery is not *evidence* currently before the Court; rather, it is taken from averments in Williams's First Motion to Dismiss and is provided merely as context for his arguments.

[3] Rule 12(b)(3)(B) allows a defendant to file a pretrial motion alleging a defect in the indictment. Fed. R. Crim. P. 12(b)(3)(B).

[4] Thereafter, Williams filed a motion requesting an evidentiary hearing on his First Motion to Dismiss (Doc. 52) and a motion requesting that the Court defer ruling on his First Motion to Dismiss until the Court determined his competency (Doc. 55). At a status conference on December 17, 2013, the Court issued an Oral Order denying both motions (Doc. 90).

filed his Second Motion to Dismiss, asserting that § 2422(b), as applied to him: (1) violates his Fifth Amendment equal protection rights because it imposes harsher punishments for less culpable defendants found guilty under the same statute; and (2) violates the Eighth Amendment's prohibition against cruel and unusual punishment because the ten-year mandatory minimum sentence for a conviction under § 2422(b) is grossly disproportionate to the offense. *See* Doc. 53.

Also on July 31, 2013, Williams filed his Motion for Bill of Particulars, seeking an Order directing the Government to set forth with greater particularity the charges against Williams as described in the indictment. *See* Doc. 51. On August 22, 2013, Magistrate Judge Thomas B. Smith entered an Order denying Williams's Motion for Bill of Particulars. *See* Doc. 62. On September 3, 2013, Williams filed his Objection to that Order. *See* Doc. 63. These matters are now ripe for review.

## II.   DISCUSSION

### A.   First Motion to Dismiss

#### 1.   *Sufficiency of the Evidence*

To establish a violation of 18 U.S.C. § 2422(b),[5] the Government must prove that: (1) the defendant intended to cause assent on the part of a minor, "not that he acted with the specific intent to engage in sexual activity"; and (2) the defendant took a substantial step toward causing assent, "not toward causing actual sexual contact." *United States v. Lee*, 603 F.3d 904, 914 (11th Cir.

---

[5] Section 2422(b) provides, in relevant part:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).

2010) (internal quotations omitted); *see also United States v. Murrell*, 368 F.3d 1283, 1286–88 (11th Cir. 2004).  The Eleventh Circuit has explained that the Government need not prove that the defendant intended to engage in any sex act himself because "[t]he underlying criminal conduct that Congress expressly proscribed in passing § 2422(b) is the persuasion, inducement, enticement, or coercion of the minor rather than the sex act itself." *Murrell*, 368 F.3d at 1286; *see also Lee*, 603 F.3d at 914.  Moreover, the fact that a defendant uses an intermediary—such as an undercover agent posing on the Internet as the mother of fictional underage children—and never communicates directly with a child, or anyone he believes to be a child, does not change the analysis.  *Lee*, 603 F.3d at 914; *Murrell*, 368 F.3d at 1287–88.  Thus, "if a reasonable jury could have found that [the defendant] intended to cause [the intermediary's] daughters to assent to sexual contact with him and that [the defendant] took a substantial step toward causing that assent," the defendant can be convicted of a violation of § 2422(b).  *Lee*, 603 F.3d at 914–15.

Williams argues that the indictment must be dismissed because he did not act with the kind of culpability required for a conviction under § 2422(b), although it is not clear in his motion whether he is referring to the first or second element of the offense.  *See* Doc. 39.  Specifically, Williams asserts that his conduct shows nothing more than willingness to engage in sex with a minor, rather than an attempt to persuade a minor to assent to sexual contact, which is necessary to sustain a conviction under § 2422(b).  *See id*.  The Government maintains that Williams is merely making the kind of "sufficiency of the evidence" argument that is inappropriate in a motion to dismiss an indictment under Federal Rule of Criminal Procedure 12(b), because those factual issues must be decided by a jury.  *See* Doc. 45.  The Government is correct.

It is well-established that if an indictment is valid on its face, a defendant may not challenge it in a pretrial motion on the grounds that it is unsupported by the evidence.  *Costello v. United*

*States*, 350 U.S. 359, 363 (1956); *United States v. LeQuire*, 943 F.2d 1554, 1562 n.14 (11th Cir. 1991); *United States v. Norton*, 867 F.2d 1354, 1358 (11th Cir. 1989). Allowing such challenges would essentially nullify the work of the grand jury, create a mini-trial, and invade the province of the trial jury. *Costello*, 350 U.S. at 363. The Eleventh Circuit "consistently has followed the *Costello* rule to preclude . . . review of sufficiency of the evidence before the grand jury." *Norton*, 867 F.2d at 1358. Therefore, "[t]he sufficiency of a criminal indictment is determined from its face," and "[t]he indictment is sufficient if it charges in the language of the statute." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). Here, the indictment is sufficient because it mirrors the language of § 2422(b). Williams's "sufficiency of the evidence" argument is without merit.

      2.      *Entrapment*

Williams next asks the Court to find that he was entrapped by undercover law enforcement officers as a matter of law. *See* Doc. 39. Entrapment is an affirmative defense which is comprised of two parts: (1) government inducement of a crime; and (2) lack of predisposition on the part of the defendant. *United States v. Brown*, 43 F.3d 618, 623 (11th Cir. 1995). The defendant bears the initial burden of production to show government inducement. *Id*. A defendant may carry this burden "by producing any evidence sufficient to raise a jury issue that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it." *Id.* (internal quotations omitted). Once the defendant makes this initial showing, the burden shifts to the government to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime. *Id*. "[T]he predisposition inquiry is a purely subjective one which asks the jury to consider the defendant's readiness and willingness to engage in the charged crime absent any contact with the government's officers or agents." *Id.* at 624.

Williams asserts that the information obtained in discovery compels the Court to find, as a matter of law, that he was induced by the Government and that he was not predisposed to commit

the charged offense. *See* Doc. 39. Specifically, Williams claims that the undercover agent posing as the "mother" solicited him to engage in a sexual act with her fictional underage daughter, that he initially rejected the "mother's" solicitations, and that he only consented after she "pressed" him. *See id*. The Government maintains that Williams is again attempting to quarrel with the sufficiency of the evidence, which is inappropriate at this stage in the proceedings. *See* Doc. 45. Once again, the Government is correct.

The Eleventh Circuit has recognized that entrapment is "generally a jury question" and that, accordingly, "entrapment as a matter of law is a sufficiency of the evidence inquiry." *Brown*, 43 F.3d at 622. Thus, while a court may conclude that the evidence is such that a reasonable jury must find that the defendant was entrapped as a matter of law, such a determination is made *after* the court has heard the evidence at trial, not upon a pretrial motion to dismiss *before* the evidence has been presented. *See, e.g.*, *United States v. Gates*, 351 F. App'x 362, 366 (11th Cir. 2009); *United States v. Miller*, 71 F.3d 813, 815 (11th Cir. 1996); *Brown*, 43 F.3d at 622. Williams has not cited to a single case in this Circuit, and the Court is unaware of one, where a court has found entrapment as a matter of law before the case has even gone to trial. Williams is merely quarreling with the sufficiency of the evidence, which the Court has explained is inappropriate when the evidence has not yet been presented to a jury. *See supra*, Part II.A.1.

As Williams's First Motion to Dismiss fails to raise any meritorious grounds for dismissal of the indictment, the motion will be denied.

### B.     Second Motion to Dismiss

#### 1.     *Equal Protection under the Fifth Amendment*

Williams argues that § 2422(b), as applied to him, violates his equal protection rights under the Fifth Amendment because it imposes harsher punishments for less culpable defendants found guilty under that statute. *See* Doc. 53. Although the Equal Protection Clause of the Fourteenth

Amendment does not apply directly to the federal government, "the principles of equal protection are applied to the federal government through the Due Process Clause of the Fifth Amendment." *Swisher Int'l, Inc. v. Schafer*, 550 F.3d 1046, 1059 n.13 (11th Cir. 2008) (citing *Bolling v. Sharpe*, 347 U.S. 497, 498–500 (1954)). The guarantees of equal protection require that the government treat similarly situated persons in a similar manner. *Leib v. Hillsborough County. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009). "When legislation classifies persons in such a way that they receive different treatment under the law, the degree of scrutiny the court applies depends upon the basis for the classification. If a law treats individuals differently on the basis of race or another suspect classification, or if the law impinges on a fundamental right, it is subject to strict scrutiny. Otherwise, the law need only have a rational basis—i.e., it need only be rationally related to a legitimate government purpose." *Id.* at 1306 (internal citations and quotations omitted).

Here, Williams does not contend that § 2422(b) treats similarly situated individuals differently on the basis of a suspect classification, or that it impinges on a fundamental right. Rather, he asserts that § 2422(b) has no rational basis in its application towards him because, as a solitary offender, he cannot possibly render "substantial assistance" in the investigation or prosecution of another individual under 18 U.S.C. § 3553(e) and, therefore, he is subject to the ten-year mandatory minimum sentence required under § 2422(b).[6] *See* Doc. 53. Meanwhile, he

---

[6] Section 3553(e) provides, in pertinent part:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense . . . .

18 U.S.C. § 3553(e).

argues, more culpable sexual predators, who have "actual knowledge, [and] longer and more prevalent involvement in, to and with criminal activities," will be able to render substantial assistance under § 3553(e) and, accordingly, be eligible for a downward departure from the ten-year mandatory minimum sentence. *See id*. Thus, in his view, § 2422(b) effectively imposes harsher punishments for less culpable defendants found guilty under the statute. *See id*. Williams also argues that the practical effect of this disparity is to leave him without the ability to engage in meaningful plea negotiations with the Government. *See id*. The Government maintains that the mandatory minimum sentence of § 2422(b) is rationally related to the Government's interest in protecting children from online sexual predators, and that § 3553(e) is rationally related to the Government's interest in eradicating criminal enterprises. *See* Doc. 58.

The Court has little difficulty concluding that the statutory scheme at issue here is supported by legitimate government purposes. As the Seventh Circuit has noted, Congress's decision to impose a ten-year mandatory minimum sentence for violations of § 2422(b) reflects its "recognition of the seriousness of attempted sexual enticement of a minor," as well as the "need to prevent judicial leniency, especially in cases where there is no actual child victim." *United States v. Nagel*, 559 F.3d 756, 761–62 (7th Cir. 2009). Clearly, these are legitimate government purposes. *See id.* ("Because individuals who violate § 2422(b) always present a serious danger to children, it was entirely rational for Congress to conclude that violations of § 2422(b) are always serious enough to require a mandatory minimum sentence."). Indeed, a panel of the Eleventh Circuit recently concluded as much in an unpublished opinion. *See United States v. Lecuyer*, No. 13-10556, 2013 WL 6037184, at *2 (11th Cir. Nov. 15, 2013). In *Lecuyer*, the defendant challenged the constitutionality of his ten-year sentence for attempting to entice a minor to engage in sexual activity under § 2422(b), arguing that the sentence violated his rights under the Due

8

Process Clause of the Fifth Amendment. *Id.* at *1. On appeal, the Eleventh Circuit rejected his challenge, finding that Congress had a rational basis in enacting the ten-year mandatory minimum sentence. *Id.* at *2. The court remarked that "[i]t is obvious that Congress could have rationally determined that long sentences are necessary to protect the public from criminals who have been convicted of attempting to commit sex offenses against children." *Id*. Thus, as made clear from these precedents, it cannot reasonably be argued that § 2422(b) lacks a rational basis.

Nor is § 2422(b) rendered unconstitutional through the application of § 3553(e). As the Fourth Circuit has observed, "Section 3553(e) was intended by Congress to provide an incentive to defendants to furnish assistance to law enforcement officials by moderating the rigorous inflexibility of mandatory sentences where the offender had rendered substantial assistance to the Government." *United States v. Daiagi*, 892 F.2d 31, 32 (4th Cir. 1989). This is unquestionably a legitimate government purpose. As § 3553(e) is grounded in a legitimate government purpose, it is not for the Court to question whether the statute is the most effective, or most fair, method for achieving Congress's goal of encouraging defendants to cooperate with law enforcement. Williams's equal protection challenge is without merit.

### 2.  *Cruel and Unusual Punishment under the Eighth Amendment*

Williams argues that § 2422(b), as applied to him, violates the Eighth Amendment's prohibition against cruel and unusual punishment because, in his view, the statute's ten-year mandatory minimum sentence is grossly disproportionate to the offense. *See* Doc. 53. However, as the Government correctly points out, Williams's challenge is not yet ripe for judicial determination. *See* Doc. 58. "Eighth Amendment challenges are generally not ripe until the imposition, or immediately impending imposition, of a challenged punishment or fine." *Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995). Here, Williams has not yet been convicted at a trial or entered a plea of guilty. As these events may never occur, it is premature for the Court to even

9

consider a sentence. Williams's Eighth Amendment challenge is not ripe and accordingly, the Court is without jurisdiction to address it. *See Cheffer*, 55 F.3d at 1523 (noting that ripeness is a jurisdictional, as well as prudential, concern); *United States v. Brull*, No. 12-10226-01-EFM, 2013 WL 1092885, at *1 (D. Kan. Feb. 22, 2013) (concluding that a defendant's Eighth Amendment challenge to a mandatory minimum sentence was not ripe where the defendant had not yet stood trial or entered a plea); *United States v. Caro*, No. 1:06-CR-00001, 2006 WL 1594185, at *3–4 (W.D. Va. June 2, 2006), *report and recommendation adopted*, 2006 WL 2987930 (W.D. Va. Oct. 17, 2006) (concluding that a defendant's Eighth Amendment challenge was not ripe where the defendant had not yet stood trial or entered a plea).

Williams's Second Motion to Dismiss fails to raise any meritorious grounds. Therefore, the motion will be denied.

### C. Motion for Bill of Particulars

Williams objects to the Magistrate Judge's Order denying his Motion for Bill of Particulars. *See* Doc. 63. In his Objection, Williams continues to argue that the indictment does not allege with sufficient particularity how his actions constitute a violation of § 2422(b) and that, accordingly, he is unable to prepare his defense, avoid surprise, or prevent double jeopardy. *See id*. He seeks a court order requiring the Government to file a bill of particulars providing the following information:

> A. State in detail how Defendant allegedly attempted to persuade, induce, entice, or coerce a minor to engage in unlawful sexual activity;
>
> B. State in detail what act, or acts, constitute Defendant's alleged attempt to persuade, induce, entice, or coerce a minor to engage in unlawful sexual activity;
>
> C. State when Defendant allegedly attempted to persuade, induce, entice, or coerce a minor to engage in unlawful sexual activity.

*Id.*[7] As the Court finds that Williams's Objection is without merit, there is no need for a response from the Government.

A magistrate judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Crim. P. 59(a) ("The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."). This is a deferential standard of review. *United States v. Wimbley*, No. CRIM. 11-0019-WS, 2011 WL 3204539, at *2 (S.D. Ala. July 27, 2011). "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Black*, 419 F. App'x 971, 972 (11th Cir. 2011) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

District courts are vested with broad discretion in deciding whether a request for a bill of particulars should be granted. *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985). The purpose of a bill of particulars is to: (1) inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense; (2) minimize surprise at trial; and (3) enable him to plead double jeopardy in the event of a later prosecution for the same offense. *Id*. "A bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery, and it is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Roberts*, 174 F. App'x 475, 477 (11th Cir. 2006) (internal citations and quotations omitted).

---

[7] Williams does not object to the Magistrate Judge's denial of his Motion for Bill of Particulars with respect to his opposition to the indictment's use of the conjunctive (i.e., "persuade, induce, and entice"). *See* Doc. 63.

11

The Magistrate Judge's denial of Williams's Motion for Bill of Particulars is not clearly erroneous or contrary to law. To the contrary, the Magistrate Judge correctly noted that the content of Williams's multitude of filings in this case indicates that he is well aware of the circumstances surrounding the charges. Indeed, these filings acknowledge that the Government provided discovery, which should make all necessary information available to him. Moreover, as the indictment alleges that the illegal conduct occurred over a mere two-day period (i.e., October 11 and 12, 2012) and via the Internet, Williams cannot reasonably argue that he has insufficient information to prepare a defense, guard against surprise at trial, or prevent him from pleading double jeopardy in the event of a later prosecution. The remainder of Williams's concerns are the same "sufficiency of the evidence" arguments the Court has already rejected. As the Magistrate Judge's Order denying Williams's Motion for Bill of Particulars is not clearly erroneous or contrary to law, it must be affirmed.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. Williams's Motion to Dismiss the Indictment (Doc. 39) is **DENIED**.

2. Williams's Second Motion to Dismiss the Indictment (Doc. 53) is **DENIED**.

3. The Order of the Magistrate Judge (Doc. 62) entered August 22, 2013 is **AFFIRMED**. Williams's Objection (Doc. 63) is **OVERRULED**.

**DONE** and **ORDERED** in Orlando, Florida on January 13, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge Thomas B. Smith