**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

v.                                                                                  Case No:  6:13-cr-00026-CEH-TBS-1

**JOHN FRANCIS WILLIAMS**

## ORDER

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Thomas B. Smith on December 10, 2013 (Doc. 80).  In the Report and Recommendation, Magistrate Judge Smith recommends denying Defendant John Francis Williams' ("Williams") Motion to Compel Discovery and/or for Dismissal of the Indictment Due to Selective Prosecution (Doc. 68) ("Williams' Motion" or "Motion").  Doc. 80 at 13.  Williams filed an Objection to the Report and Recommendation ("Objection") (Doc. 86), and the Government filed a response thereto ("Response") (Doc. 103).  As such, this matter is ripe for review.

**I.    BACKGROUND**

On October 12, 2012, officers from the Volusia County Sheriff's Office arrested Williams in an undercover operation targeting individuals using the Internet as a means of seeking out sex with minors.  Doc. 68 ¶¶ 1–2.  The undercover operation spanned from October 10, 2012 to October 15, 2012, and yielded arrests of at least twenty-one individuals, including Williams.  *Id.* ¶ 1.  Williams, like many of the arrestees, had no prior criminal history.  *See id.* ¶ 6; Doc. 68-1.

Most of the arrestees were apprehended after traveling to the same address to rendezvous with a nonexistent minor child.  Doc. 68 at 6.  All of the arrestees allegedly used the Internet to

post messages or respond to an online advertisement and held online discussions with either a putative adult family member or putative minor child, who were actually law enforcement agents posing as the family member or child, for the purpose of engaging in sex with the nonexistent child. *Id.* Williams is one of three arrestees who communicated solely with an agent purporting to be the mother of a 14-year-old, and one of five arrestees who did not engage in communication with an agent posing as a child. *See id.* at 7 n. 8; Doc. 68-1. All arrestees were charged in state court with the following three offenses under Florida law: (1) using a computer to seduce, solicit, or lure a minor; (2) traveling to meet a minor after using a computer to solicit sex with the minor; and (3) unlawful use of a two-way communication device.[1] *See* Doc. 68-1.

The arrestees range in age from 18 to 67 years old, with five being age 52 or older and the rest being younger than 40. *See id.* At 67, Williams is the oldest of the arrestees. Doc. 68 ¶ 6; Doc. 68-1 at 8. Williams is a cardio-anesthesiologist who has amassed substantial wealth, including two homes and an airplane (sold since his federal indictment). Doc. 68 at 9.[2]

According to Williams' state court criminal defense lawyer, Michael H. Lambert,[3] around February 2013, an agent from United States Immigration and Customs Enforcement ("ICE") phoned the assistant state attorney ("ASA") who was responsible for prosecuting Williams and the other arrestees. Doc. 68-2 ¶ 7. According to Lambert, the ICE agent asked the ASA to dismiss the state charges against Williams so that federal charges could be filed against him instead. *Id.* Lambert avers that when the ASA offered to "transfer" all of the arrestees'

---

[1] Fla. Stat. §§ 847.0135(3)(a), 847.0135(4)(a), 934.215.2. Certain arrestees were charged with additional offenses. *See* Doc. 68-1 at 4, 5, 8.

[2] The Court has not been presented with information as to the wealth or occupational status of the other arrestees.

[3] Williams has retained a different lawyer as counsel in the federal case against him.

2

cases, the ICE agent declined and was only interested in prosecuting Williams. *Id.* Based on these facts, Lambert believes that Williams was singled out due to his age and socioeconomic status. *Id.* ¶ 8.

On February 6, 2013, a federal grand jury returned an indictment charging Williams with one count of violating 18 U.S.C. § 2422(b) by using the Internet to knowingly attempt to persuade, induce, and entice a minor to engage in a sexual offense. Doc. 1.[4] The remaining arrestees have not faced federal charges. Doc. 68-2 ¶ 4. Williams faces a ten-year minimum mandatory sentence because of his prosecution under the federal statute, while the remaining arrestees face a maximum of fifteen years under the state charges with no minimum mandatory sentence. Doc. 68 ¶ 7. Of the state court defendants who have resolved their cases, their sentences have ranged from three years of probation to 28 months in prison. *Id*. After his indictment, Williams entered into a temporary forfeiture settlement providing the Government with 50% of the net proceeds from the sale of his home. *Id*.

On September 30, 2013, Williams filed his Motion with the Court, asserting a claim of selective prosecution based on the theory that the Government was prosecuting him, and not the other arrestees, solely due to his age, wealth, and socioeconomic status. Doc. 68. Williams requested that the Court dismiss the indictment or, alternatively, that he be granted leave to obtain discovery as to the Government's justifications for choosing to prosecute him rather than the other arrestees. *Id*. The Government filed a response attacking the viability of Williams' selective prosecution claim, and Williams filed a reply in support of his Motion. Docs. 74, 79.

On December 10, 2013, Magistrate Judge Smith filed a Report and Recommendation, recommending that Williams' Motion be denied. Doc. 80. The Magistrate Judge found that

---

[4] On March 19, 2013, the State of Florida dismissed its charges against Williams in favor of the federal prosecution. Doc. 68 ¶ 4.

Williams satisfied the first prong of his selective prosecution claim by demonstrating that he was similarly situated to the arrestees who had not been prosecuted in federal court. *Id.* at 10. However, the Magistrate Judge found that Williams failed to establish the second prong of his claim because he did not show that the prosecution was based on a constitutionally impermissible motive. *Id.* at 10–13.

On December 17, 2013, Williams filed the instant Objection. Doc. 86. At the March 18, 2014 status conference, the Court ordered the Government to file a response to Williams' Objection. Doc. 98. The Government's Response followed. Doc. 103.[5]

## II. STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations issued by a magistrate judge, the district judge may accept, reject, or modify, in whole or in part, the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C); *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982), *cert. denied*, 459 U.S. 1112 (1983). A district judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(c); *United States v. Raddatz*, 447 U.S. 667, 673 (1980); *see also* Fed. R. Crim. P. 59(b). This determination requires that the district judge "give fresh consideration to those issues to which specific

---

[5] On April 17, 2014, Williams filed a motion to strike ("Motion to Strike") portions of the Government's Response which objected to the Magistrate Judge's finding that Williams was similarly situated to the other arrestees. Doc. 105. Williams argues that the Government's objection is untimely. *Id*. He is correct. Federal Rule of Criminal Procedure 59(b)(2) provides that, unless otherwise directed by the court, a party's failure to object to a Report and Recommendation within 14 days of service constitutes waiver of that party's right to review. Here, the Government did not file its objections until more than three months after service of the Report and Recommendation. Moreover, at the March 18, 2014 status conference, the Court directed the Government to respond to Williams' Objection, but it did not permit the Government to file out-of-time objections. Accordingly, Williams' Motion to Strike will be **GRANTED**, and those portions of the Government's Response containing objections to the Report and Recommendation will be **STRICKEN**.

objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citations omitted).

**III.   ANALYSIS**

Selective prosecution claims are analyzed under the equal protection component of the Fifth Amendment's Due Process Clause. *United States v. Armstrong*, 517 U.S. 456, 464 (1996). Equal protection dictates that "'the decision whether to prosecute may not be based on an unjustifiable standard such as race, religion, or other arbitrary classification.'" *United States v. Jordan*, 635 F.3d 1181, 1188 (11th Cir. 2011) (quoting *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000)). The Government's decision to prosecute a defendant on federal charges, while leaving similarly situated individuals to state prosecution, can serve as the basis for a selective prosecution claim. *See Armstrong*, 517 U.S. at 470.

Criminal defendants bear a "demanding" burden in establishing that they have been selectively prosecuted in an unconstitutional manner. *Jordan*, 635 F.3d at 1188. "In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present *clear* evidence to the contrary." *Id.* (internal citations and quotations omitted). To succeed on a selective prosecution claim, a defendant is required to show, with clear and convincing evidence:   (1) that the federal prosecution had a discriminatory effect, i.e., that similarly situated individuals were not prosecuted; and (2) that the difference in treatment was motivated by a discriminatory purpose. *Smith*, 231 F.3d at 808–09. Moreover, to obtain an evidentiary hearing on a selective prosecution claim, "the defendant must present facts sufficient to create a reasonable doubt about the constitutionality of a prosecution." *Jordan*, 635 F.3d at 1181 (internal citations and quotations omitted). Similarly, to obtain discovery in support of such a claim, a defendant must provide "'some evidence tending to show the existence of the essential elements of the defense.'" *Id.* (quoting *Armstrong*, 517 U.S. at 468). Although the

5

showing required to obtain discovery is less than that needed to obtain an evidentiary hearing, the standard to obtain discovery is still "rigorous." *Armstrong*, 517 U.S. at 468; *see Jordan*, 635 F.3d at 1189 ("Therefore, [the defendant] 'has not presented 'some' evidence tending to establish selective prosecution,' much less facts sufficient to create a reasonable doubt about the constitutionality of his prosecution.").

In his Objection, Williams first argues that the Magistrate Judge failed to discuss whether an evidentiary hearing was necessary. Doc. 86 at 5–7. However, in the Report and Recommendation, the Magistrate Judge determined that Williams failed to meet the standard even for discovery, which requires a lesser showing than that for an evidentiary hearing. Doc. 80 at 11; *see Jordan*, 635 F.3d at 1189. Given this conclusion, it was not necessary for the Magistrate Judge to perform a separate analysis as to the need for an evidentiary hearing.

Williams next objects to the Magistrate Judge's finding on the second prong of his selective prosecution claim, arguing that age, "profit,"[6] wealth, and socioeconomic status are all unconstitutional motives for prosecution, and that the Magistrate Judge's determination to the contrary was erroneous. Doc. 86 at 7–13. The Court, however, need not decide whether these motives are unconstitutional, because even if they are, Williams has not made the necessary showing on any of them.

Again, to obtain discovery in support of his selective prosecution claim, Williams must present "some evidence tending to show the existence" of the Government's discriminatory

---

[6] By "profit," Williams apparently means the proceeds recovered by the Government as a result of the sale of his home pursuant to the temporary forfeiture agreement. *See* Doc. 86 at 10. However, in his Motion, Williams did not specifically raise "profit" as a motivating factor in the Government's decision to prosecute him. Rather, he suggested that the proceeds from the sale of his home showed that his "wealth" was a motivating factor. Doc. 68 at 9–10. As such, he has waived any argument as to "profit." In any event, the Court rejects Williams' "profit" argument for the reasons discussed *infra*.

intent. *Jordan*, 635 F.3d at 1188 (quoting *Armstrong*, 517 U.S. at 468). Despite this relatively innocuous phrasing, the Supreme Court has noted that, due to the substantial costs that discovery imposes on the prosecution, the standard to obtain discovery on a selective prosecution claim is a "rigorous" one, and that "the showing necessary to obtain discovery should itself be a significant barrier to the litigation of insubstantial claims." *Armstrong*, 517 U.S. at 468, 464. Indeed, while the Supreme Court has not directly addressed the issue as to the discriminatory purpose prong, the Court has required "credible" evidence to obtain discovery as to the discriminatory effect prong. *Id.* at 470.

In this case, Williams has failed to provide *any* evidence showing that the Government was motivated by Williams' wealth or socioeconomic status, or by the "profit" it would derive from the sale of Williams' home. Although he asserts that he is a wealthy anesthesiologist, and that the Government will obtain half of the net proceeds from the sale of his home, he has failed to present evidence on wealth, socioeconomic status, or "profit" for any of the other arrestees. Accordingly, there is no basis for the Court to conclude that the Government is treating Williams differently due to these factors.

As to age, Williams has put forth evidence that, at 67, he is the oldest of the arrestees. However, four of the other arrestees were 57, 55, 55, and 52 years old, respectively. *See* Doc. 68-1. The Court finds it to be far from credible that the Government would prosecute Williams, and not these other arrestees, merely because Williams was 10 to 15 years older than them. Allowing Williams to obtain discovery on this basis would mean that any defendant could obtain discovery as to the Government's motives for prosecuting him by merely showing that he was the oldest of any similarly-situated arrestees. This is not the "rigorous" standard that *Armstrong* requires. Accordingly, the Court finds that Williams has failed to present "some evidence

tending to show the existence" of the Government's discriminatory intent[7]. As such, Williams is not entitled to obtain discovery as to the Government's motives for prosecuting him. It necessarily follows that Williams has failed to make the showing needed for an evidentiary hearing or dismissal of the indictment. His Motion is therefore due to be denied.

Accordingly, it is hereby **ORDERED**:

1. Williams' Motion to Strike (Doc. 105) is **GRANTED**. Those portions of the Government's Response containing objections to the Report and Recommendation are hereby **STRICKEN**.

2. The Report and Recommendation of the Magistrate Judge (Doc. 80) is adopted, confirmed, and approved with respect to its analysis and conclusion as to the first prong of Williams' selective prosecution claim, with respect to its conclusion as to the second prong of Williams' selective prosecution claim, and with respect to its recommendation that Williams' Motion be denied.

3. Williams' Motion to Compel Discovery and/or for Dismissal of the Indictment Due to Selective Prosecution (Doc. 68) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on April 21, 2014.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

---

[7] The Government distinguishes Williams' case from the other arrestees because, among other things, Williams possessed on his person two vibrators, two bottles of wine, Viagra, and a bag of condoms. His car contained pills and vials of drugs, syringes, and a tool box of sex toys, which contained probes, clamps, stretchers, plugs, pumps, syringes, and lubricators. Williams allegedly admitted that some of these items were to assist him in engaging in sexual activity with a child.

8

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge Thomas B. Smith